**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CHRISTINA STRICKLAND,

Plaintiff,

v. Case No. 0:26-cv-62789

EQUIFAX INFORMATION SERVICES,

LLC,

Defendant.

_______________________________________/

**COMPLAINT**

**NOW COMES** CHRISTINA STRICKLAND ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA"), pursuant to 15 U.S.C. § 1681 *et seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Southern District of Florida, Equifax conducts business in the Southern District of Florida and all of the events or omissions giving rise to Plaintiff's claims occurred in this Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer and a natural person over 18 years of age who, at all-times relevant, resides in Ft. Lauderdale, Florida.

5. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Florida. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

## FACTS SUPPORTING CAUSES OF ACTION

6. On February 20, 2024, Plaintiff and Merrick Bank Corporation ("Merrick") reached an agreement for an outstanding debt owed to Merrick by Plaintiff ("subject debt").

7. Per the agreement, the subject debt was waived and released by Merrick and Plaintiff was no longer obligated to pay the subject debt to Merrick. Moreover, Merrick was required to delete the Merrick tradeline from Plaintiff's credit reports.

8. Despite waiving and releasing the subject debt as agreed, Merrick continued to report the subject debt on her consumer credit reports.

9. Consequently, on May 14, 2024, Plaintiff initiated a credit dispute with Equifax. Plaintiff requested that Equifax update and remove this trade line from her credit reports, citing the agreement made with Merrick.

10. Plaintiff's requested Equifax to investigate the account and contact Merrick directly to correct their inaccurate reporting.

11. Equifax failed to reasonably investigate Plaintiff's credit disputes. In spite of the fact that the subject debt was waived, and despite having actual knowledge that Plaintiff had reached an agreement with Merrick to delete the tradeline from her credit files, Equifax continued to report the subject debt on Plaintiff's consumer credit file.

12. On July 11, 2024, Plaintiff initiated a ***second*** credit dispute with Equifax. Plaintiff requested that Equifax update and remove this trade line from her credit reports, citing the agreement made with Merrick.

13. Plaintiff's requested Equifax to investigate the account and contact Merrick directly to correct their inaccurate reporting.

14. Equifax failed to reasonably investigate Plaintiff's credit disputes. In spite of the fact that the subject debt was waived, and despite having actual knowledge that Plaintiff had reached an agreement with Merrick to delete the tradeline from her credit files, Equifax continued to report the subject debt on Plaintiff's consumer credit file.

15. On May 12, 2025, Plaintiff initiated a ***third*** credit dispute with Equifax. Plaintiff requested that Equifax update and remove this trade line from her credit reports, citing the agreement made with Merrick.

16. Plaintiff's requested Equifax to investigate the account and contact Merrick directly to correct their inaccurate reporting.

17. Equifax failed to reasonably investigate Plaintiff's credit disputes. In spite of the fact that the subject debt was waived, and despite having actual knowledge that Plaintiff had reached an agreement with Merrick to delete the tradeline from her credit files, Equifax continued to report the subject debt on Plaintiff's consumer credit file.

18. The reporting of the Merrick tradeline is patently inaccurate and materially misleading because despite Merrick agreeing to delete the tradelines from Plaintiff's credit reports, Equifax continued to report the subject debt to Plaintiff's consumer credit files.

19. Any reasonable investigation engaged by Equifax would and should have revealed the materially misleading nature of the information on Plaintiff's consumer credit reports.

20. Equifax's materially misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared her creditworthiness was in jeopardy.

21. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Equifax from further deception in the future.

## IMPACT OF INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE

22. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the Merrick tradeline has

had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations and is thus a high-risk consumer.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

24. As a result of the conduct, actions, and inactions of Equifax, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of her credit reports, decreased credit score, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

25. Due to the conduct of Equifax, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax credit files.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

26. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. The FCRA mandates that a Credit Reporting Agency ("CRA") conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. §1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. Id.

28. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

29. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file.

30. Plaintiff provided Equifax with indisputable evidence in her dispute that demonstrated that the account was to be corrected as per the agreement with Merrick.

31. Had Equifax conducted any investigation, it would have updated Plaintiff's consumer file to reflect accurate information that belongs to Plaintiff.

32. Instead, Equifax continued to report erroneous information on Plaintiff's credit reports.

33. Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that Plaintiff's credit file was reporting inaccurate and misleading information.

34. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding her dispute of the inaccurate information.

35. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

36. Equifax violated 15 U.S.C. §1681i(c) by failing to note Plaintiff's disputes on the inaccurate information in subsequent consumer reports.

37. Equifax violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access her Equifax credit report so Plaintiff can assess her file for inaccuracies.

38. Despite actual knowledge from Plaintiff that there were erroneous items within her consumer credit report, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's creditworthiness.

39. Upon information and belief, Equifax does not conduct independent investigations into consumer disputes.

40. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff CHRISTINA STRICKLAND respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

c. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15

U.S.C. § 1681n and 15 U.S.C. § 1681o;

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

f. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 2, 2026

Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue,
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com